IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,            )
                                )
        Plaintiff,              )
                                )
        v.                      )    Civ. No. 05-307-KAJ
                                )
UNITED STATES CONGRESS,         )
                                )
        Defendant.              )

**MEMORANDUM ORDER**

Plaintiff Gbeke Michael Awala ("Awala"), Reg. No. #82074-054, is a *pro se*

litigant incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania.

Awala filed this action alleging constitutional violations and has been granted leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 3)  The Court now

proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and §

1915A.

For the reasons discussed below, the complaint is dismissed as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    Motions**

Awala filed a motion entitled "Motion  for Continuance 90 Days".  (D.I. 4)  It is

unclear what type of relief Awala seeks or why he needs an additional 90 days.  The

motion is denied as unintelligible.

On July 5, 2005, Awala filed a second motion for leave to proceed *in forma*

*pauperis*. (D.I. 5)  Awala was granted *in forma pauperis* status on June 2, 2005.  The

motion is denied as moot.

## II.      The Complaint

Awala names the United States Congress ("Congress") as the Defendant in this

action (D.I. 2) He seeks class action status and appears to ask for injunctive relief.  In

seeking to establish jurisdiction, he refers to 28 U.S.C. §§ 1331 and 1332, the "Federal

Prevailing Wage Act", "Affirmative Action" and the Americans with Disabilities Act of

1990. (D.I. 2, p. 6)  The complaint also recites certain sections of the United States

Constitution relative to the three branches of government.

The gist of the complaint is that Awala appears to be concerned with the safety

of judges.  He seeks action from Congress and wants it to take measures to preclude

citizens from criticizing judges and to "hand down tough security systems" to "eliminate

judges' nervousness." (D.I. 2, p. 7)  Awala alleges that federal judges are being denied

their right to due process and  equal protection because of the small amount of monies

being allocated by Congress to the judicial branch.  He also takes exception to the

threat of filibusters for judicial nominees.

Awala seeks relief in the form of a central municipal law enforcement agency for

the protection and emergency management of judges.  He explains the agency is

designed to improve response times, is for judges' safety, and recommends

specifications from Europe be used as a guide.  Awala also seeks $10 billion dollars in

damages.

## III.     STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for

dismissal under certain circumstances.  When a prisoner seeks redress in a civil action,

2

28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## IV.  ANALYSIS

Awala's complaint fails to state a claim showing he is entitled to relief.  Initially, the Court notes that Awala does not have standing.  His displeasure with Congress is insufficient to satisfy the standing requirement that a plaintiff show "injury in fact".  *See Valley Forge Christian Coll. v. Americans United*, 454 U.S. 464, 485-87 (1982).

Suit is brought against Congress, a branch of the federal government.  A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971).  In *Bivens*, the Supreme Court

3

created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983.  To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *Alexis v. United States Dep't Homeland Sec.*, No. Civ. 05-1484(WJM), 2005 WL 1502068, at *4 (D.N.J. June 24, 2005) *(citing Mahoney v. Nat'l Org. For Women,* 681 F.Supp. 129, 132 (D.Conn. 1987); *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).   Here the complaint contains no deprivation of any of Awala's constitutional rights.  Rather, the complaint refers to alleged wrongs to federal judges.

More so, sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. *United States v. Mitchell,* 445 U.S. 535 (1980);  *United States v. Testan,* 424 U.S. 392 (1976). Neither the Constitution nor 28 U.S.C. § 1331 acts as such a waiver.  *Jaffee v. United States,* 592 F.2d 712, 718 (3d Cir. 1979), Congress, as a branch of the United States government, is entitled to sovereign immunity.  *See Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502 (1975) (Speech and Clause protects against suits by private individuals); *Ray v. United States Senate*, No. 89-2120, 1989 WL 156929 (4th Cir. Dec. 22, 1989);  *Keener v. Congress of the United States*, 467 F.2d 952 (5th Cir. 1972); *Johnson v. Congress*, No. 92-0032, 1992 WL 6429, at *1 (E.D.Pa. Jan. 10, 1992).

Therefore, the Court concludes that Plaintiff's factual allegations are frivolous within the meaning of § 1915(e)(2)(B) and § 1915A(b)(1) and dismisses the complaint.

4

IT IS HEREBY ORDERED that:

1.      The motion for continuance 90 days (D.I. 4) is DENIED.

2.      The second motion for leave to proceed *in forma pauperis* (D.I. 5) is

DENIED as moot.

3.      Awala's complaint is DISMISSED without prejudice, as frivolous, in

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4.      Awala shall, within thirty days from the date this order is sent, complete

and return the attached authorization form allowing the agency having custody of him to

forward all payments required by 28 U.S.C. § 1915(b)(2) to the Clerk of the Court.

Awala shall be required to make monthly payments of 20 percent (20%) of the

preceding month's income credited to the plaintiff's prison trust account and absent

further order of the Court, the Warden or other appropriate official at FDC Philadelphia,

or at any prison at which the plaintiff is or may be incarcerated, shall forward payments

from his account to the Clerk of the Court each time the amount in the account exceeds

$10.00 until the filing fee is paid.

5.      The Clerk of the Court shall mail a copy of this Memorandum Order to

Awala.

DATED: 12/15/05

UNITED STATES DISTRICT JUDGE

5